IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sherry Decker,<br><br>    Plaintiff<br>v.<br><br>Northstar Location Services, LLC,<br><br>    Defendant | FILED ELECTRONICALLY |

## COMPLAINT

### I. Introduction

1.     This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.     Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.     Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4.     Plaintiff, Sherry Decker, is a natural person residing at 27 Main Street, Nicholson, PA 18446.

5.     Defendant, Northstar Location Services, LLC, ("the Collector") is a limited liability corporation engaged in the business of collecting debts in this state with a place of business located at 4285 Genesee Street, Cheektowaga, NY 14225 and is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

6.     On or before September 15, 2010, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

7.     The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

8.     The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

9.     On or about September 15, 2010 the Collector caused at least one telephone call ("*the Call*") to be placed to Plaintiff.

10.    During *the Call*, the Collector left a message ("*the Message*") for Plaintiff.

11. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

12. In *the Message,* the Collector failed to disclose that the call was from a debt collector.

13. 15 U.S.C. § 1692d(6) requires a debt collector to provide a meaningful disclosure of identity in each communication with a consumer.

14. In *the Message,* the Collector failed to provide this meaningful disclosure because it did not state the name of the Collector, or the purpose of the call.

15. *The Call* and *the Message* were attempts to collect the Account.

16. Defendant violated the Act, 15 U.S.C. § 1692, subsections d(6) and e(11).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

Plaintiff demands a trial by jury as to all issues so triable.

                                            Respectfully Submitted,

                                            s/ Kristin Sabatini
                                            Kristin Sabatini
                                            Bar Number PA 200135
                                            Attorney for Plaintiff
                                            Sabatini Law Firm, LLC
                                            216 N. Blakely St.
                                            Dunmore, PA  18512
                                            Phone (570) 341-9000
                                            Facsimile (570) 504-2769
                                            Email ksecf@bankruptcypa.com

## Verification of Complaint and Certification
## by Plaintiff Sherry Decker

Plaintiff, Sherry Decker, being duly sworn according to law, deposes as follows:

1. I am a plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746(2).

Executed on May 10, 2011.

s/ Sherry Decker  
Sherry Decker  
Plaintiff